**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ANTHONY J. MAHONEY                                                          PLAINTIFF

V.                      NO: 5:12CV00145 BSM/HDY

RAY HOBBS *et al.*                                                             DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

Case 5:12-cv-00145-BSM   Document 59   Filed 02/11/14   Page 2 of 4

        proof, and a copy, or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

    Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## **DISPOSITION**

    Plaintiff Anthony J. Mahoney, a former inmate at the Randall Williams Correctional Facility, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on April 25, 2012, alleging that Defendant Michael A. Davenport slammed a door into his face, causing him injury.[1] The Court held an evidentiary hearing on February 10, 2014, at which Plaintiff and Defendant testified, as did inmates Brad Gates and David Daniels.

### **I. Facts**

    On January 13, 2012, Plaintiff sought to speak to a major about a disciplinary he wished to challenge. Defendant was stationed in the control booth overseeing Plaintiff's barracks and Plaintiff began tapping on a window to the control booth in an effort to gain Defendant's attention. In response to Plaintiff's request, Defendant handed him paperwork so that he could submit a request to speak with the major. Shortly thereafter, Defendant was asked by his supervisors to assist in clarifying the "count" for the barracks where Plaintiff was housed. This required Defendant to leave

---

[1] Plaintiff's claims against former Defendants Ray Hobbs and M. Cashion were dismissed with prejudice on July 19, 2012 (docket entry #14).

the control booth and take up a position outside the doorway leading from Plaintiff's barracks to the hallway. Later, Defendant was letting other inmates into Plaintiff's barracks, and Plaintiff came to the door, again requesting to exit the barracks to speak to a major. Defendant told Plaintiff to get away from the door, attempted to close it, and walked away. The door did not close properly, which Defendant realized because of the sound it made. Defendant then returned, and attempted to closed the door with his foot. As the door was closing, it hit Plaintiff in the face, and the two men thereafter had a verbal exchange. Plaintiff went to the infirmary and was provided with Tylenol for his injuries.

## II. Analysis

Plaintiff is essentially alleging that Defendant used excessive force in attempting to close the door. To establish a constitutional violation for the use of excessive force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986).

The evidence introduced at the hearing does not suggest that Defendant had any malicious or sadistic intent. Plaintiff and Defendant had no history of conflict before the incident. Defendant advised Plaintiff of the procedure he needed to follow if he wanted to speak with a major, and also ordered him to get out of the doorway before his first attempt to shut the door. By standing in the doorway, Plaintiff was in violation of prison policy by being in an unauthorized area. Plaintiff's injuries were minimal, there is no evidence that Defendant knew the door would strike Plaintiff, and Defendant employed no force beyond attempting to close the door with his foot. At most,

Defendant's conduct may have been negligent, which is not actionable. *See Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir.1997) (negligence is not enough to establish Eighth Amendment violation). Thus, Plaintiff has failed to establish a constitutional violation with respect to Defendant's use of force in attempting to close the door.

Plaintiff also asserts that Defendant threatened him in the hallway after the incident. However, threats, while unprofessional, are generally not actionable. *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992).[2] Finally, although Defendant's method of closing the door with his foot may have been inappropriate, even if was a violation of prison policy to close the door in such a manner, a policy violation does not give rise to a constitutional claim. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Accordingly, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __11__ day of February, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] An exception to this rule is when the verbal threat rises to the level of a "wanton act of cruelty" so that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir.1986). Plaintiff introduced no evidence to indicate such a situation.